MAUREEN O'SULLIVAN & others[1] vs. SCHOOL COMMITTEE
OF WORCESTER & another.[2]

Worcester. May 6, 1991. - October 3, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Open Meeting Law. School and School Committee*, Dismissal of tenured
personnel.

In proceedings under G. L. c. 71, §§ 42, 42D, for dismissal of a tenured
teacher, a school committee did not violate the open meeting law, G. L.
c. 39, §§ 23A-23C, by excluding the teacher, his counsel, and other
persons from their deliberations following a dismissal hearing held in
executive session, where private deliberations are authorized by G. L. c.
71, § 42, and where, under G. L. c. 39, § 24, any contrary provisions of
the open meeting law are inapplicable. [126] O'CONNOR, J., dissenting.

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 17, 1990.

The case was heard by *Charles M. Grabau*, J., on a mo-
tion for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Americo A. Salini, Jr.*, for the plaintiffs.

*Richard W. Murphy* (*Michelle A. Allaire* with him) for
the defendants.

NOLAN, J. This case arises out of a decision by the school
committee of Worcester to dismiss Walter Grocki from his
tenured teaching position in the Worcester public school sys-
tem. The plaintiffs, registered voters of the city of Worcester,
brought a complaint in the Superior Court against the de-
fendants (hereinafter referred to collectively as the school

---

[1]Four other registered voters of the city of Worcester.

[2]The mayor of the city of Worcester.

committee) alleging violations of the open meeting law, G. L. c. 39, §§ 23A-23C (1990 ed.). The judge allowed the school committee's motion to dismiss or for summary judgment as to both counts of the plaintiffs' complaint. The plaintiffs appealed from the dismissal of their complaint, which alleges that the school committee violated G. L. c. 39, § 23B, by excluding Grocki and his counsel from its deliberations regarding his dismissal. We transferred the case from the Appeals Court to this court on our own motion. We now affirm the judgment entered below.

There is essentially no dispute of facts. Grocki had been a tenured teacher employed by the Worcester public school system since September, 1966. In February, 1990, the school committee notified Grocki that a meeting would be held pursuant to G. L. c. 71, §§ 42, 42D (1990 ed.), to determine whether to dismiss, suspend, or discipline him. On March 29, 1990, the school committee held a public hearing on the matter. At the request of Grocki, the dismissal hearing was held in executive session pursuant to G. L. c. 39, § 23B (2).

During the hearing, Grocki was permitted to be represented by counsel, who presented evidence, cross-examined witnesses, and made a closing statement. The school administration was also given the opportunity to present its side of the case. At the close of the presentations, the superintendent of the Worcester public schools gave his recommendation that Grocki be dismissed as a teacher effective March 30, 1990.

The school committee adjourned to discuss the facts of the case outside of the presence of Grocki, his counsel, the superintendent, the school administration's counsel, and all of the witnesses. Grocki's objection to the exclusion of himself and counsel during the school committee's deliberations was noted on the record. Almost one hour later, the school committee reconvened in executive session in the presence of those who previously had been in attendance, including Grocki and his counsel. At this time, the school committee voted to dismiss Grocki for an abuse of sick leave, insubordination, and misrepresentation. Shortly thereafter, in an open

session, the school committee recorded its votes on the motions it considered while in executive session.

Meetings of municipal governmental bodies are governed by G. L. c. 39, §§ 23A-23C, the so-called "open meeting law." General Laws c. 39, § 23B, states that "[a]ll meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided by this section." The school committee of Worcester is concededly a "[g]overnmental body."[3] Under the statute, the term "[m]eeting" includes "deliberations."[4]

The open meeting law makes provisions for a governmental body to hold "executive sessions" from which certain persons may be barred.[5] General Laws c. 39, § 23B, states that executive sessions may be held only for certain enumerated purposes. One of these purposes, set forth in G. L. c. 39, § 23B (2), is "[t]o consider the . . . dismissal of . . . a[n] . . . employee . . . ." Subsection (*a*) of § 23B (2) provides that, if such an executive session is held, the affected individual has the right "to be present at such executive session during discussions or considerations which involve that individual." The deliberations at issue in this case clearly were "discussions or considerations" involving the teacher. The teacher was not allowed to be present at those deliberations.

---

[3]General Laws c. 39, § 23A, defines "[g]overnmental body" as "every board, commission, committee or subcommittee of any district, city, region or town, however elected, appointed or otherwise constituted, and the governing board of a local housing, redevelopment or similar authority; provided, however, that this definition shall not include a town meeting."

[4]General Laws c. 39, § 23A, defines "[m]eeting" as "any corporal convening and *deliberation* of a governmental body for which a quorum is required in order to make a decision at which any public business or public policy matter over which the governmental body has supervision, control, jurisdiction or advisory power is discussed or considered; but shall not include any on-site inspection of any project or program" (emphasis added). The same section defines "[d]eliberation" as "a verbal exchange between a quorum of members of a governmental body attempting to arrive at a decision on *any* public business within its jurisdiction" (emphasis added).

[5]General Laws c. 39, § 23A, defines "[e]xecutive session" as "any meeting of a governmental body which is closed to certain persons for deliberation on certain matters."

The plaintiffs contend, therefore, that the committee violated the statute.

The school committee counters that § 23B (2) (*a*) is inapplicable to this case because of a contrary provision contained in G. L. c. 71, § 42, the statute governing dismissal of public school teachers. That statute provides, in part, that no tenured teacher may be dismissed "unless, if he so requests, he has been given a hearing before the school committee which may be either public or *private* at the discretion of the school committee and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them" (emphasis supplied). The school committee asserts that this statute, by authorizing "private" hearings, grants it the authority to conduct deliberations without the teacher present.

The application of the open meeting law, particularly § 23B (2) (*a*), to other statutes is governed by G. L. c. 39, § 24, which states, "The provisions of this chapter shall be in force only so far as they are not inconsistent with the express provisions of any general or special law . . . ." Therefore, if § 23A is inconsistent with the express provisions of § 42, the latter statute would control.

In *Kurlander* v. *School Comm. of Williamstown*, 16 Mass. App. Ct. 350, 359-361 (1983), the Appeals Court was faced with a closely analogous problem. That court held that § 42's language concerning a private hearing encompassed a private deliberation, and that, therefore, the open meeting law was inconsistent with the express provisions of § 42. We agree with the reasoning in *Kurlander*, and hold that, because § 42 authorizes private deliberations in regard to dismissal of tenured public school teachers, the contrary provisions of the open meeting law are inapplicable. The school board, consequently, did not violate G. L. c. 39, §§ 23A-23C, by excluding Grocki from their deliberations concerning his termination. The judgment of the Superior Court is affirmed.

*So ordered.*

O'CONNOR, J. (dissenting). General Laws c. 39, § 23B (1990 ed.), provides that governmental bodies including school committees may hold executive sessions only for limited purposes, one of those purposes being, as here, to consider the discipline or dismissal of a public employee such as a teacher. Section 23B (2) also provides, however, that "[a] governmental body shall hold an open meeting if the individual involved requests that the meeting be open," and that "[i]f an executive session is held, [as it was here,] such individual shall have the following rights: (*a*) to be present at such executive session during discussions or considerations which involve that individual[,] (*b*) to have counsel or a representative of his own choosing present and attending for the purpose of advising said individual and not for the purpose of active participation[, and] (*c*) to speak in his own behalf." Clearly, the school committee violated c. 39, § 23B, by refusing the tenured teacher Grocki's request that he and his counsel be present at the committee's deliberations, held in executive session, regarding his dismissal. The only issue, then, is whether § 23B for some reason is inapplicable to this case. I say § 23B applies, and that the plaintiffs' complaint should not have been dismissed.

The court says that § 23B does not apply because c. 39, § 24, provides that "the provisions of [c. 39] shall be in force only so far as they are not inconsistent with the express provisions of any general or special law," and c. 39, § 23B, is inconsistent with the express provisions of G. L. c. 71, § 42 (1990 ed.). I have read § 42 carefully. I have been unable to find an express provision in that section that is inconsistent with the requirement in c. 39, § 23B, that, when a school committee deliberates in executive session considering the dismissal of a tenured teacher, the teacher is entitled to be present, to have counsel present, and to speak.

The court, purporting to follow the Appeals Court's decision in *Kurlander* v. *School Comm. of Williamstown*, 16 Mass. App. Ct. 350 (1983), concludes that "because § 42 authorizes private deliberations in regard to dismissal of tenured public school teachers, the contrary provisions of the

open meeting law are inapplicable." *Ante* at 126. But the court misses the point. Even if c. 71, § 42, and c. 39, § 23B, are inconsistent with respect to whether private deliberations are authorized in the circumstances of this case, as the Appeals Court held in *Kurlander* (a proposition with which I do not agree — but resolution of that issue is unnecessary for this case), the plaintiffs do not complain about the deliberations being private rather than public. Instead, they complain that Grocki was entitled to be present with his counsel at the private deliberations and to speak, and his requests in that regard were refused. The only question in this case is whether any provision in c. 71, § 42, is inconsistent with the requirement in c. 39, § 23B, that requests such as Grocki's be honored. My answer is that there is no such provision in § 42, and I note that the court makes no attempt to point to one.

Chapter 71, § 42, states in relevant part as follows: "The school committee may dismiss any teacher . . . . [A tenured teacher] . . . shall not be dismissed . . . unless, if he so requests, he has been given a hearing before the school committee which may be either public or private at the discretion of the school committee and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them." Thus, even if the school committee's deliberations after a hearing are controlled by c. 71, § 42, so that the deliberations may be private, § 42 clearly provides that whenever the school committee chooses to deliberate privately rather than publicly the teacher whose dismissal is being considered is entitled to be present, to have counsel present, and to speak. This is all that Grocki requested, and he was entitled both by c. 39, § 23B, and c. 71, § 42, to the honoring of that request. In that regard the two statutes are not expressly inconsistent. Indeed, they are virtually identical. Both statutes make clear the intent of the Legislature to protect tenured teachers — and the public — from a school committee's dismissing a tenured teacher without adequate basis and without the teacher's having an op-

portunity to observe the deliberations culminating in his or her being fired.[1]

I would reverse the judgment of the Superior Court, and I would order reinstatement of the tenured teacher without loss of compensation, seniority, tenure, or other benefits. Reinstatement is necessary, it seems to me, to provide proper enforcement of both the open meeting law and G. L. c. 71, § 42.

---

[1] I make no suggestion with respect to whether the dismissal in this case was warranted or unwarranted. I merely assert that the procedure mandated by the applicable statutes was not followed.